**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIEL TOADER,

                  Plaintiff,

      vs.

NYU LANGONE HEALTH SYSTEMS

                Defendant.

COMPLAINT

Case No.: 18-CV-0541

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Daniel Toader, ("Plaintiff" or "Mr. Toader"), by and through his attorneys, Danny Grace, P.C., as and for his Complaint in this action against Defendant NYU Langone Health, ("NYU", "the Company" or "Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1.    This action is to seek declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and unethical behavior toward the Plaintiff on the grounds of his religion. These actions are in violation of Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), The New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), The New York City Human Rights Law. New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

2.    Defendant, its owners, and managers and employees decided, unlawfully and recklessly, to treat Plaintiff in a derogatory manner based on his religion. After he complained

about this unlawful treatment, Defendant retaliated and terminated Plaintiff without any other cause.

3.     Defendant treated Plaintiff differently to that of other equally positioned employees solely and undoubtedly on the basis of Plaintiff's religious belief. During the course of Plaintiff's employment, Defendant initiated a policy requiring employees to obtain a flu-vaccine through injection, which was contrary to Plaintiff's religious beliefs. By rejecting Plaintiff's position and not allowing Plaintiff to avail of a religious exemption (*offered to other employees who were equally positioned*) from this policy and subsequently terminating his employment due to his protected complaints, Defendant knowingly and wantonly discriminated against Mr. Toader on the basis of his religion.

4.     Defendant's conduct was knowing, malicious, willful and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economical and non-economic damages, and severe mental anguish, distress and continuing prejudice to his religious beliefs. Plaintiff, at all times, acted professionally and impeccably and used all possible administrative remedies available to deal with all situations of unlawful discrimination he encountered. This resulted in his involuntary termination.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII. The court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §§ 1367(a).

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. 1391, because Defendant was incorporated in this district, was located and conducted business in this district during the entirety of Plaintiff's employment, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

8.      Prior to the commencement of this action, Plaintiff filed a Verified Complaint with the Equal Employment Opportunity Commission ("EEOC") charging Defendant with unlawful discrimination in relation to Plaintiff's employment on the basis of his religion in violation of Title VII. Plaintiffs EEOC Charge of Discrimination arises out of the same facts alleged herein.

9.      On November 15, 2017, the EEOC issued Plaintiff a Notice of Right to Sue in Federal Court based on the allegations of unlawful discrimination in relation to Plaintiff's employment on the basis of his religion.

10.     This action has been filed within 90 days of Plaintiff's receipt of his Notice of Right to Sue.

11.     Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

12.     Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

13.     Plaintiff Daniel Toader is a former employee of NYU Langone Health Systems and resides in the State of Pennsylvania. From in or around June 2014, until his termination on March 9, 2017, he was employed by NYU in its place of business at 560 1st Avenue, New York, NY 10016.

14.     Plaintiff held the position of 'Senior II Analyst' from the date of his employment in June 2014, until his unlawful termination by the Defendant on March 9, 2017.

15.     Upon the time and date of his unlawful termination Plaintiff has a yearly salary of $110,000.00.

16.     At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

17.     Defendant NYU Langone Health Systems ("NYU"), is an integrated academic medical center, known for its clinical care, research, and education. It comprises of more than 200 locations throughout the New York area, including Plaintiff's former place of employment at 560 1st Avenue, New York, NY 10016. Defendant's headquarters are located at 333 E 38th St, New York, NY 10016. Defendant NYU Langone Health Systems was Plaintiff's direct employer. At all relevant times, Defendant NYU Langone Health Systems, met the definition of "employer" under all applicable statutes.

**FACTUAL ALLEGATIONS**

18.     In or around June 2014, Plaintiff began working as a Senior II Analyst for NYU. His continuous location of employment was 1 Park Avenue, New York, NY 10016.

19.     Plaintiff's initial salary was $100,000.00 per annum.

4

20.     At the time of Plaintiffs unlawful termination his salary was $110,000.00 per annum.

21.     During the course of his employment, Plaintiff held an exemplary record of employment and did not receive any negative performance evaluations, either written or oral, nor was Plaintiff a party to any disciplinary proceedings against him.

22.     To the contrary, throughout his employment Plaintiff was continuously commended for his performance.

23.     During 2016 NYU Langone Health System implemented a new "Immunity Policy". This policy required employees to receive an influenza vaccine through injection.

24.     Pursuant to Plaintiff's agnostic faith and religious belief, he was lawfully unable to consent to the new policy implemented by the company.

25.     Knowing that this policy required the consent of employees to receive the vaccine, he decided to use all resources and vehicles made available to him by the company to inform the company that he was unable to receive the vaccine due to his religious beliefs.

26.     Pursuant to company guidelines and procedures, on November 16, 2016, Plaintiff filed with the appropriate authorities the required document, "NYU Langone Health Systems Request for a religious Exemption to Influenza Vaccination".

27.     Therein Plaintiff stipulated his religion, and the nature of religious belief that formed the basis for his vaccine exemption request.

28.     Plaintiff additionally exhausted all available administrative avenues to further discuss his situation and the unfolding events. Plaintiff was provided with no response and was unable to receive any communication or response from Defendant or its supervisory employees.

29.     On December 16, 2016, Plaintiff received an email in response to his request for a religious exemption to the influenza vaccination. This email rejected his religious exemption request and failed to provide any stipulation as to their reasoning for this decision. Upon receiving this email and its failure to provide reasoning for the rejection, Plaintiff attempted to contact human resources. Plaintiff received no response.

30.     On February 16, 2017, Plaintiff received a written warning labelled "Immunity Policy Non-Compliance". This document charged that Plaintiff had failed to comply with the Immunity Policy and he and had three (3) days to acquire the vaccine. Failure to comply would result in further disciplinary proceeding and possible termination. Plaintiff again attempted to contact human resources. Plaintiff received no response.

31.     On February 22, 2017, Plaintiff received a final written warning. This warning informed him that through his failure to comply with the written warning of February 16, 2017, he was immediately suspended for two weeks without pay, and further failure to comply with the Immunity Policy in the two-week period would result in termination.

32.     On March 8, 2017, Plaintiff contacted his manager Frank Banno to obtain a status on his employment situation, and to inquire as to whether he remained suspended or terminated.

33.     Mr. Banno responded by vaguely suggesting that his supervisor Mr. Mark Negron would have to check his notes and that human resources may be mailing Plaintiff his final notice.

34.     Due to the vague nature of the response Plaintiff tried to contact human resources directly, who stated that they were unable to confirm anything and directed him back to his manager.

35.     On March 10, 2017, Plaintiff received a notice of termination. This document stated that due to his failure to comply with the previous written warnings, and his failure to comply with the Immunity Policy, his employment was terminated.

36.     Other employees within the company who could not submit to receiving the vaccine due to their beliefs were afforded differential treatment to the Plaintiff and were given accommodations that the Plaintiff was not afforded.

37.     Other employees also in the same position as Plaintiff who declined to receive the vaccine on the grounds of their religious beliefs were treated preferably and received no discriminatory treatment.

38.     Other employees who took the similar provisions and steps as the Plaintiff had and submitted "Systems Request for a Religious Exemption to Influenza Vaccination" were awarded favorable responses. As these requests were based on the same principle of their unwillingness to receive the vaccine on the basis of their religious beliefs it can only be concluded that the Plaintiff was discriminated against on the fact of his chosen religion and its beliefs, principles and ideologies, and retaliated against when he raised it.

39.     Applicants who had their exemption requests granted were provided with provisions to allow them to continue within the working environment without detriment to their religion and their faith. Such provisions included the availability of protection masks for the employees to wear within the working environment.

40.     Plaintiff was more than willing to wear any protection clothing that was required or cooperate in any way Plaintiff was denied such accomodation and terminated.

41.     Plaintiff was, and still is, horrified by the discrimination he suffered at the hands of the company in relation to his religion and his beliefs. The Company terminated Plaintiff

because they did not look favorably on his religious belief, as opposed to others, and subjected him to unlawful and immoral discrimination.

42.     As a further direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer, sever mental anguish and emotional distress, including, but nor limited to, humiliation, embarrassment, stress, and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and diminished self-worth due to the un-acceptance towards his religion.

43.     Defendant's conduct against Plaintiff was intentional and malicious and/or showed a deliberate, willful, wanton and reckless disregard for his rights under Title VII, the NYSHRL and the NYCHRL.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)

43.     Plaintiff hereby alleges, incorporates repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

44.     Defendant discriminated against Plaintiff on the basis of his religion by, *inter alia*, subjecting Plaintiff to treatment contrary to his religious beliefs, and failing to afford him the accommodations afforded to others similarly situated.

45.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

46.     Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

47.     Plaintiff hereby alleges, incorporates repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

48.     Defendant retaliated against Plaintiff in violation of Title VII for opposing Defendant's new implemented Immunity Policy by, *inter alia,* denying Plaintiff his request to be exempted from their policy and terminating him for his protected complaints when he failed to submit to the policy, contrary to his religious belief.

49.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

50.     Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of NYSHRL)

51.     Plaintiff hereby alleges, incorporates repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

52.     Defendant discriminated against Plaintiff on the basis of his religion by, *inter alia*, subjecting Plaintiff to treatment contrary to his religious beliefs, and failing to afford him the accommodations afforded to others similarly situated.

53.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

54.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
**(Retaliation in Violation of NYSHRL)**

55.     Plaintiff hereby alleges, incorporates repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

56.     Defendant retaliated against Plaintiff in violation of NYSHRL for opposing Defendant's new implemented Immunity Policy by, *inter alia,* denying Plaintiff his request to be exempted from their policy and terminating him for his protected complaints when he failed to submit to the policy, contrary to his religious belief.

57.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

58.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of NYCHRL)

59.     Plaintiff hereby alleges, incorporates repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

60.     Defendant discriminated against Plaintiff on the basis of his religion, *inter alia,* by subjecting Plaintiff to treatment contrary to his religious beliefs, and failing to afford him the accommodations afforded to others similarly situated.

61.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

62.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of NYCHRL)

63.     Plaintiff hereby alleges, incorporates repeats and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

64.     Defendant retaliated against Plaintiff in violation of NYCHRL for opposing Defendant's new implemented Immunity Policy by, *inter alia*, denying Plaintiff his request to be exempted from their policy and terminating him for his protected complaints when he failed to submit to the policy, contrary to his religious belief.

65.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

66.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States and the State of New York and;

B.     An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensation for his depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to his personal and professional reputations and loss of career fulfillment;

E.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.      An award of punitive damages;

G.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: January 5, 2017
New York, New York

Respectfully submitted,

DANNY GRACE, P.C.
*ATTORNEYS FOR PLAINTIFF*

222 BROADWAY, 19TH FLOOR
NEW YORK, NY 10038
(646) 515-2821

_____
DANIEL GRACE